UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20709-RAR

UNITED STATES OF AMERICA

vs.

EDUARDO BENITO GONZALEZ,

    Defendant.
    _____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court on Defendant Eduardo Benito Gonzalez's *Pro Se* Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), [ECF No. 31]. The Court having carefully reviewed the Motion, the United States' Response in Opposition ("Response"), [ECF No. 35], Defendant's Reply in Support, [ECF No. 40], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

## BACKGROUND

Defendant pleaded guilty on December 20, 2017 to two counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii). *See* Plea Agreement, [ECF No. 17]. He was subsequently sentenced to 120 months' imprisonment, followed by five years of supervised release. *See* Judgment in a Criminal Case, [ECF No. 25]. In his Motion, Defendant cites three "extraordinary and compelling" reasons for compassionate release: (1) his age; (2) his medical conditions; and (3) the fact that his mother was diagnosed with Alzheimer's disease in 2019 and her condition is worsening. *See generally* Mot.

## **LEGAL STANDARD**

A district court may modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). Section 604 of the 2018 First Step Act expanded "who [could] file a Section 3582(c)(1)(A) motion" to allow for defendant-filed motions when previously, only the Bureau of Prisons ("BOP") could file them. *See United States v. Bryant*, 996 F.3d 1243, 1258–59 (11th Cir. 2021). However, Congress "chose not to lift its stricture that courts must follow the [Sentencing] Commission's applicable policy statements when ruling on [§ 3582(c)(1)(A) compassionate release] motions." *Id.* at 1259.

In this Circuit, the categories for "extraordinary and compelling reasons" are delineated in § 1B1.13 of the U.S.S.G. policy statement and are applicable to all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly. *Id.* As such, courts in this Circuit do not have discretion to develop their own interpretations of "extraordinary and compelling reasons" to justify a reduction in a defendant's sentence. *See id.* at 1248. Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist. *See United States v. Thompson*, No. 17-CR-60152, 2021 WL 5999422, at *3 (S.D. Fla. Dec. 20, 2021).

The Application Notes to § 1B1.13 define extraordinary and compelling reasons warranting the reduction of a defendant's sentence: 1(A) Medical Condition of the defendant; 1(B) Age of the defendant (at least 65 years old); 1(C) Family Circumstances; and 1(D) Other Reasons. The Eleventh Circuit has made clear that the open-ended "Other Reasons" category in Application

Note 1(D) is limited to extraordinary and compelling reasons identified by the BOP and cannot function as a catch-all category for district courts to rely on when granting defendant-filed compassionate release motions. *See Bryant*, 996 F.3d at 1262–65; *see also United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) ("We held in *Bryant* that this language precluded district courts from finding extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.").

A defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Colonna*, 535 F. Supp. 3d 1291, 1297 (S.D. Fla. 2021); *see also United States v. Heromin*, No. 11-55033, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (assigning defendant burden of proof after the implementation of the First Step Act). Accordingly, to be entitled to relief under § 3582(c)(1)(A), a defendant must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence.

## **ANALYSIS**

The government concedes that Defendant has exhausted his administrative remedies. *See* Resp. at 4 n.3. The Court notes, however, that Defendant did not mention his age or medical conditions in his letter to the Warden. *See* [ECF No. 31-1] at 3. The Government noted as much in its Response. Resp. at 6 n.5. Nonetheless, the Government does not argue Defendant failed to exhaust his remedies as to these reasons and only argues the merits. *See id.* The exhaustion requirement is a non-jurisdictional claims-processing rule that the Court must only enforce where it is properly raised by a party. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Accordingly, because the Government does not raise this issue, the Court only addresses whether Defendant has demonstrated an extraordinary and compelling reason for compassionate release.

### *I. Defendant Has Not Presented Extraordinary and Compelling Reasons*

In moving for compassionate release, Defendant cites (1) his age; (2) his medical conditions; and (3) his mother's Alzheimer's diagnosis. The Court addresses each in turn.

#### *i. Defendant's Age*

Appearing to invoke Application Note 1(B), Defendant notes that he is "a 63 yearold [sic] male" who "has served six (6) years of a [t]en year sentence of which he will serve 8 years and 5 months." Mot. at 8. This does not qualify for compassionate release under Application Note 1(B). To qualify for compassionate release under Application Note 1(B) a defendant must (i) be at least sixty-five; (ii) be "experiencing a serious deterioration in physical or mental health because of the aging process;" and (iii) have "served at least 10 years or 75 percent of his or her term of imprisonment." U.S.S.G. § 1B1.13, cmt. n.1.

Defendant does not meet any of these requirements. First, he is younger than sixty-five. Mot. at 8. Second, depending on whether his reduction in sentence for good conduct is considered, he has either served approximately 55 percent or 65 percent of his sentence, both of which fall below the required 75 percent threshold. And third, as discussed further below in the context of his medical condition, there is no indication that Defendant's health is failing. Therefore, compassionate release is not warranted on this ground.

#### *ii. Defendant's Medical Condition*

In his Motion, Defendant makes a single reference to his health, noting that he recently "experienced heart problems" for which he continues to receive treatment. Mot. at 8. He expands on his health in his Reply, attaching his medical records and stating that the Court "will discover that [he] suffers from several ailments" after it "perus[es] the [medical] records." Reply at 5; *see also* [ECF No. 40-1]. The Government separately filed a copy of Defendant's medical records.

*See* [ECF No. 38]. After reviewing these medical records, the Court is satisfied that compassionate release is unwarranted.

Relevant here, a defendant's medical condition must be "serious and advanced . . . with an end of life trajectory" or serious enough that it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1. A defendant must usually corroborate he has such a condition with evidence from his medical provider. *See Heromin*, 2019 WL 2411311, at *2 ("Without his medical provider corroborating either of these requirements, [a defendant] has not shown a foundation for compassionate release based on his medical condition."). "A compassionate release due to a medical condition is an extraordinary and rare event." *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (alteration accepted) (citation omitted). "In seeking a reduced sentence under this framework, the defendant bears the burden of establishing that compassionate release is warranted." *Id.* (internal quotation marks omitted).

The Government concedes that Defendant recently "had two medical encounters during which he has received treatment for a heart issue." Resp. at 6 n.5. And a review of the medical records submitted by Defendant confirms he has several conditions, including (but not limited to), "allergic rhinitis," "atherosclerosis," and an injury to his ankle. *See* [ECF No. 40-1]. But even if Defendant has the conditions reflected in his medical records, there is no indication these conditions are terminal or leave him unable to provide self-care. Indeed, he concedes many of his conditions are "not life threatening[] to the extent that he would not have the ability to provide the care his mother requires." Reply at 5. Defendant's heart condition also appears to be actively managed, as he was brought to a hospital for treatment and has been provided with medication.

*See* [ECF No. 40-1]. And Defendant was reportedly "doing fairly well" after his hospital visit. *See id.* He has therefore not carried his burden of establishing he has a qualifying medical condition under Application Note 1(A). *See, e.g.*, *United States v. Thomas*, No. 8:10-cr-423-T-33AAS, 2020 WL 5407711, at *3 (M.D. Fla. Sept. 9, 2020) ("Although the Court is sympathetic to [Defendant's] numerous underlying health conditions, including diabetes, high-blood pressure, and cardiovascular problems, . . . he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility."); *United States v. Saxon*, No. CR 112-119, 2020 WL 2617131, at *2 (S.D. Ga. May 22, 2020) (denying compassionate release to defendant who suffered from congestive heart failure, high blood pressure, and bronchitis because defendant presented no medical evidence showing he met the criteria in U.S.S.G. § 1B1.13); *Rodriguez-Orejuela*, 457 F. Supp. 3d at 1282 (finding that defendant with heart problems and skin and colon cancer, among other conditions, had not established extraordinary and compelling reasons warranting compassionate release).

### iii. Defendant's Family Circumstances

Finally, Defendant argues compassionate release is warranted because he wishes to care for his mother, who has Alzheimer's disease. Mot. at 8. But the desire to care for a parent does not meet the criteria contained within Application Note 1(C). A defendant is eligible for compassionate release under Application Note 1(C) if either of the following occur: "(i) the death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." While the Court sympathizes with Defendant, it does not have the discretion to deviate from the clear language of the statute and Application Notes. *See Bryant*, 996 F.3d at 1262–65; *see also Giron*, 15 F.4th at 1347.

Further, even if the Court could consider Defendant's desire to care for his mother, it would deny the Motion. While Defendant claims his sister is unable to care for their mother due to recent health concerns, this statement is uncorroborated, and Defendant has not established there is no other person able to care for his mother. Reply at 4 n.3. And perhaps more importantly, Defendant appears subject to removal from the United States following his incarceration, and his mother resides in Florida, so he would be unable to care for her. *See* Resp. at 6. Accordingly, Defendant has not demonstrated an extraordinary and compelling reason identified in § 1B1.13, and therefore his Motion must be denied.

## II. The Court Need Not Analyze the § 3553(a) Factors Here

As Defendant has not cleared the § 3582(c)(1)(A)(i) threshold for "extraordinary and compelling reasons" to reduce his sentence, the Court need not analyze the 18 U.S.C § 3553(a) factors. Only when eligibility for compassionate release is established does a court have to determine whether "the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Bryant*, 996 F.3d at 1251 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Eduardo Benito Gonzalez's *Pro Se* Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), [ECF No. 31], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 12th day of June, 2023.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**